IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID CASILLAS | § | |
| | § | CIVIL ACTION NO. 22-414 |
| VS. | § | |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | DEFENDANT DEMANDS A JURY |

## NOTICE OF REMOVAL

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COMES NOW, WAL-MART STORES TEXAS, LLC, incorrectly named as WAL-MART, INC. ("Defendant"), and files this Notice of Removal, pursuant to 28 U.S.C. §§ 1441 and 1446, removing the above-captioned case to the United States District Court for the Western District of Texas, San Antonio Division. The grounds for removal are as follows:

## I.
## RELEVANT FACTS

1. Plaintiff, David Casillas, claims that as he was working in the tire section of a Walmart Supercenter located at 305 105th Street in Floresville, Texas, he injured his back as he was moving car batteries. *See* Pl.'s Orig. Pet. (Ex. A) at ¶6. Plaintiff asserts a claim of negligence against Defendant. *See id.* at ¶7. Plaintiff's lawsuit expressly alleges that he is seeking monetary relief between $250,000.00 and $1,000,000.00. *See Id.* at ¶5.

2. Plaintiff served Defendant with his Original Petition on or about March 30, 2022. *See* Ex. A.

## II.
## THE PARTIES

3. Plaintiff pleaded that she resides in Wilson County, Texas. *See* Ex. A at ¶1. As such, Plaintiff is a citizen of the State of Texas.

4. Although corporations are citizens of the state in which they are incorporated, partnerships and other unincorporated entities are citizens of all states in which its partners or members are citizens. *See Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 569 (2004). Defendant Wal-Mart Stores Texas, LLC is, and at the time of filing of this action was, a limited liability company existing under the laws of the State of Delaware with its principal place of business in the State of Arkansas. The sole member of Defendant Wal-Mart Stores Texas, L.L.C. is Wal-Mart Stores East, L.P., a Delaware limited partnership with its principal place of business is in the State of Arkansas. Wal-Mart Stores East, L.P. is comprised of general partner, WSE Management, L.L.C., and limited partner, WSE Investment, L.L.C., both of which are Delaware limited liability companies with their principal places of business in the State of Arkansas. The sole member of WSE Management, L.L.C. and WSE Investment, L.L.C. is Wal-Mart Stores East, Inc., an Arkansas corporation with its principal place of business in the State of Arkansas.

5. The citizenship of the parties as alleged above existed at the time the underlying action was commenced and remain unchanged at the time of removal.

## III.
## BASIS FOR REMOVAL

6. Defendant removes this case to federal court because there is complete diversity of citizenship between the parties and the amount in controversy is greater than $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a).

**A. There is complete diversity of citizenship.**

7. As set forth, *supra*, Plaintiff is a citizen of the State of Texas and Defendant is composed of companies organized under the laws of Delaware and Arkansas, with its principal place of business in the State of Arkansas. None of Defendant's partners or members are citizens

of the State of Texas. As such, Defendant has met its burden of establishing that diversity of citizenship exists between the parties.

**B.  The amount in controversy requirement is met.**

8. A removing party may establish that the amount in controversy exceeds $75,000 by showing the non-removing party explicitly sought damages over $75,000. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 881 (5th Cir. 2000). Here, Plaintiff's lawsuit expressly pleaded that she seeks monetary relief from his lawsuit of between $250,000.00 and $1,000,000.00. *See* Ex. A at ¶5.

**C.  This removal is timely and venue is proper.**

9. This Notice of Removal is being filed within 30 days of service of Plaintiff's lawsuit on Defendant, and within one year of the commencement of this action. It is therefore timely. Venue is proper in this District under 28 U.S.C. § 1441(a) because the state court where the action is pending is in this District.

**D.  Procedural requirements for removal are satisfied.**

10. Upon filing of this Notice of Removal of the cause, Defendant gave written notice of the filing to Plaintiff and her counsel as required by law. A copy of this Notice is also being filed with the Clerk of the Court of the 218th Judicial District Court, Wilson County, Texas, where this cause was originally filed. A copy of all processes, pleadings, and orders has been filed separately with this Court pursuant to 28 U.S.C. § 1446(a).

### IV.
### CONCLUSION AND PRAYER

Based on the foregoing, Defendant has established that the amount in controversy exceeds $75,000.00, and that diversity of citizenship exists between the parties in this case. Therefore, removal is proper.

Respectfully submitted,

BUSH & RAMIREZ, PLLC

*/s/ Clark A. Samuelson Jr.*
John A. Ramirez
Attorney in Charge
TBN: 00798450
FBN: 21280
Clark A. Samuelson Jr.
TBN: 24070550
FBN: 3322766
5615 Kirby Drive, Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier
jramirez.atty@bushramirez.com
csamuelson@bushramirez.com

ATTORNEYS FOR DEFENDANT, WAL-MART STORES TEXAS, LLC

## CERTIFICATE OF SERVICE

I do hereby certify that a true and correct copy of the above and foregoing instrument was served on all counsel of record pursuant to the Federal Rules of Civil Procedure on this the 29th day of April 2022.

Sean A. Roberts
ROBERTS MARKLAND LLP
2555 North MacGregor
Houston, Texas 77004

*/s/ Clark A. Samuelson Jr.*
Clark A. Samuelson Jr.